UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DORIS OKE OBASOHAN,<br><br>Plaintiff,<br><br>v.<br><br>SUNRISE AUTO OUTLET INC and TRUIST BANK d/b/a BB&T,<br><br>Defendants. | Civil Action No.: |

## COMPLAINT

Plaintiff, Doris Oke Obasohan ("Plaintiff"), brings this action to secure redress against unlawful, unfair, abusive and deceptive lending and business practices engaged in by defendants, Sunrise Auto Outlet, Inc. ("Sunrise" or "Dealer"), and Truist Bank d/b/a BB&T ("BB&T" or ("Bank")[1] relating to an automobile purchase transaction and alleges as follows:

## NATURE OF THIS ACTION

1. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the New York Motor Vehicle Retail Installment Sales Act, Sec. 302 *et. seq.* ("NY MVRISA"); New York General Business Law §§ 349 and 350, and common law claims for fraud and conversion.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1640.

[1] Sunrise and BB&T may hereinafter be collectively referred to as "Defendants".

3. This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

4. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and Sunrise maintains offices, transacts business, and is otherwise found in this district.

## **PARTIES**

6. Plaintiff is a natural person residing in the Richmond County, New York.

7. Upon information and belief, Sunrise, a car dealership, is a domestic corporation organized and existing under the laws of the State of New York with a place of business located at 189 Sunrise Hwy., Amityville, NY 11701.

8. Upon information and belief, BB&T is a division of a national banking association and, among other things, provides automobile loans and loan servicing nationwide including in the State of New York.

9. BB&T is, upon information and belief, assignee of Plaintiff's contracts with Sunrise and, as a result, is subject to all claims and defenses pursuant to federal and New York law.

## **FACTS**

### The Vehicle Sale

10. On November 17, 2020, at Sunrise's dealership, Plaintiff agreed to purchase from Sunrise a used 2019 Infiniti QX80, Vehicle Identification Number JN8AZ2NEXK9232537 (the "Vehicle") for the advertised price of $35,548.00. It was

agreed that Plaintiff would make a $10,000.00 down payment with the balance to be financed.

11. Plaintiff was presented with a purchase order and bill of sale which listed the agreed upon terms of the transaction.

12. To memorialize the transaction, Sunrise presented Plaintiff with a Retail Installment Simple Finance Contract (the "RISC"). The terms of the RISC differed significantly from the terms under which Plaintiff had initially agreed and as stated in the purchase order and bill of sale. Most significantly, the RISC included the purchase of a $3,500.00 "service contract" which Plaintiff did not ask for and did not want (the "Service Contract").

13. Plaintiff asked Sunrise to explain why the transaction was being materially changed. Sunrise's representative offered a fraudulent and violative explanation that the Service Contract was a necessary condition to the financing of the Vehicle purchase.

14. Under these fraudulent pretenses, Plaintiff signed the RISC. License Plates were put on the Vehicle, Sunrise's representative handed Plaintiff the keys and she left with the Vehicle.

15. Upon reflection, Plaintiff came to believe that purchase of the Service Contract could not have been a necessary component to the transaction. Plaintiff contacted Sunrise who confirmed that she had purchased a service contract and that she could "apply" for a refund.

16. Upon information and belief, no enforceable Service Contract was ever purchased by Plaintiff as a part of the transaction described herein.

17. At all relevant times Defendants acted willfully and in bad faith.

18. The unlawful actions described herein harmed Plaintiff.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF TILA**
(15 U.S.C. § 1601 *et. seq*. TILA)

19. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

20. Plaintiff's transaction as described herein was a consumer credit transaction within the meaning of the TILA, and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

21. Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

22. Defendants are creditors within the meaning of TILA and Regulation Z, 15 USC § 1602(f) and Reg Z § 226.2(a)(17).

23. The RISC lists a motor vehicle, an article of personal property, as collateral.

24. The RISC is a written agreement, payable in more than four installments.

25. The finance charge indicated on the RISC exceeds $1,000.00.

26. The copy of the RISC that was provided to Plaintiff is inconsistent with oral disclosures made by Sunrise on the date of the transaction.

27. Defendants failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA §§ 1631 and 1632 and Regulation Z.

28. The required purchase of the Service Contract as a condition of financing is a "finance charges" as defined under TILA § 1605(a) and Regulation Z § 226.4(a).

29. As a result of Defendants' failure to properly include this and/or other fees and charges as finance charges, the sale price, finance charge, amount financed, and APR disclosed in the RISC are all materially misstated, in violation of TILA and Regulation Z. e.g. § 1638(a)(2) through (5) and §226.18(b), (d), (e), and (h).

30. Defendants have failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA and Regulation Z. e.g. 15 U.S.C. § 1632(a), § 1638(a), and Regulation Z, e.g. 12 C.F.R. § 226.17(a)(1).

31. As a result of Defendants' incomplete, inaccurate, and materially misstated disclosures, Plaintiff has suffered actual damages, including but not limited to over $3,500 in additional charges, some of which are additional fees corresponding to no legitimate good or service and some of which correspond to products that Plaintiff did not want or need, and all of which Defendants added to the transaction incident to the extension of credit.

32. Had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would not have agreed to purchase the Vehicle on the terms and conditions imposed on her by Defendants and instead would have sought to purchase a vehicle without the unwanted and unnecessary additional charges imposed on them.

33. Additionally, had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would have sought and obtained an alternate transaction.

34. For these reasons, Defendants are liable under TILA and Regulation Z (see, e.g. 15 U.S.C. §§ 1640 and 1641) for statutory damages, actual damages, attorneys'

fees, litigation expenses and costs, for a declaratory judgment that they have violated TILA and Regulation Z, and for such other or further relief as the Court deems appropriate.

35. BB&T, upon information and belief, is assignee of the contracts entered into between Sunrise and Plaintiff as a result, is subject to all claims and defenses as the TILA violations set forth herein are clear upon the face of the documents assigned.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF NEW YORK MVRISA**
(N.Y.P.P.L. § 301 *et seq.*)

36. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

37. Sunrise is a "retailer seller" within the meaning of MVRISA §301(3).

38. The transaction as described above involved a "retail installment sale" within the meaning of MVRISA §301(4).

39. MVRISA expressly incorporates all TILA disclosure requirements, providing, in addition to all of its other requirements that "[a]ll items required to be disclosed by the act of congress entitled "Truth in Lending Act" and the regulations thereunder, as such act and regulations may from time to time be amended." §302(5)(1).

40. As set forth above, Defendants violated numerous TILA provisions.

41. As set forth above, the RISC provided to Plaintiff was in gross violation of TILA's requirements.

42. The violations set forth herein were both knowing and willful.

43. Defendants had ample opportunities to correct the violations but failed to do so.

44. For all of the reasons stated herein, under MVRISA § 307, Defendants are barred from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff is entitled to costs and attorney's fees.

**THIRD CAUSE OF ACTION**
**DECEPTIVE TRADE PRACTICES**
(N.Y. Gen. Bus. Law § 349(h))

45. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

46. Plaintiff is a person within the meaning of N.Y. Gen. Bus. Law § 349(h) who has been injured by reason of the deceptive acts or practices of Defendants.

47. Each of the deceptive acts and practices set forth herein constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

48. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

49. Upon information and belief, Sunrise routinely hides the true cost of borrowing from its customers by, as in Plaintiff's case, misstating the amounts financed.

50. Sunrise's conduct and statements were materially misleading.

51. These deceptive acts and practices were committed in conduct of business, trade, commerce or the furnishing of a service in this state.

52. As a result of these violations of NYGBL §349, Plaintiff suffered pecuniary and non-pecuniary harm.

53. Upon information and belief, Sunrise's violations were willful and knowing and committed in bad faith.

54. For these reasons, Plaintiff is entitled to actual damages, three times the actual damages up to $1,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h), and declaratory judgment that Defendants' practices are deceptive as defined under § 349.

**FOURTH CAUSE OF ACTION**
**FALSE ADVERTISING**
(N.Y. Gen. Bus. Law § 350)

55. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

56. Pursuant to General Business Law §350-a(1), the term "false advertising" means advertising if such advertising is misleading in a material respect.

57. Defendants engaged in unlawful "false advertising" prohibited under General Business Law §350-a(1) by making representations, either by statement, word, design, device, sound or any combination thereof, to Plaintiff and the public -- online and on the Dealership lot, that were materially misleading including, but not limited to, that the sale price of the Vehicle was thousands of dollars less than the price it eventually charged.

58. This false advertising was committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

59. Defendants' false advertising was done knowingly and willfully and committed in bad faith.

60. Defendants' advertising was misleading in a material respect by failing to reveal that the advertised price required the purchase of a $3,500.00 "service contract".

61. As a result of Defendants' false advertising, Plaintiff has been injured and seeks actual damages, three times the actual damages up to $10,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 350 as well as declaratory judgment that Defendants' practices are false advertising pursuant to General Business Law §350-a.

## FIFTH CAUSE OF ACTION
## COMMON LAW FRAUD

62. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

63. Defendants asserted false representations of material facts as set forth above, including but not limited to, that Plaintiff could not finance the purchase of the Vehicle without the purchase of a $3,500.00 "service contract".

64. Upon information and belief, Defendants knew that the representations were false, or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to it. This is because Sunrise knew that Plaintiff could finance the purchase the Vehicle without the $3,500.00 "service contract".

65. Defendants made these false representations for the purpose of defrauding Plaintiff and to entice her to buy the Vehicle at a cost thousands of dollars more than she had agreed.

66. Had Defendants told Plaintiff the truth, Plaintiff would not have signed the RISC and would have purchased a vehicle at a dealership where the contract terms were accurate.

67. Plaintiff justifiably relied upon Defendants' misrepresentations in agreeing to sign the RISC.

68. Plaintiff suffered damages as a direct result of the reliance upon the misrepresentations.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in her favor and grant the following relief:

1. **On the First Cause of Action:**
Judgment in favor of Plaintiff and against Defendant for violating TILA awarding (a) statutory damages, (b) actual damages (c) costs; (d) reasonable attorneys' fees, and (e) ordering Plaintiff's obligation under the RISC void;

2. **On the Second Cause of Action:**
Judgment in favor of Plaintiff and against Defendants for violating the MVRISA barring Defendants from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff's costs and attorneys' fees.

3. **On the Third Cause of Action:**
Judgment in favor of Plaintiff and against Defendants for violating NYGBL §349 awarding (a) actual damages, (b) three times the actual damages up to $1,000.00, and (c) costs and reasonable attorneys' fees;

4. **On the Fourth Cause of Action:**
Judgment in favor of Plaintiff and against Defendants for violating NYGBL §350 awarding (a) actual damages, (b) three times the actual damages up to $10,000.00, and (c) costs and reasonable attorneys' fees;

5. **On the Fifth Cause of Action:**
Judgment in favor of Plaintiff and against Defendants for their fraud in an amount to be proven at trial including, but not limited to, incidental and consequential damages, punitive damages and attorney fees;

6. Any additional and further relief as may be deemed just and appropriate.

Dated: Nyack, New York
April 11, 2021

**THE LAW OFFICES OF**
**ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By:____________________________
**ROBERT J. NAHOUM**
48 Burd Street, Suite 300
Nyack, NY 10960
Telephone No.: (845) 450-2906
Facsimile No.: (888) 450-8640
Email: RJN@NahoumLaw.com